IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| WILLIAM NAVARRO CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 620-036 |
| | ) |
| SGT. JOHNSON; OFFICER JACKSON; | ) |
| UNIT MANAGER HUTCHENSON; | ) |
| UNIT MANAGER SHARPE; WARDEN | ) |
| JAMES DEAL; DEPUTY WARDEN | ) |
| ADAMS; MS. SPELLS; UNIT MANAGER | ) |
| BOBBIT; OFFICER MS. LANE; OFFICER | ) |
| FNU McGLOHONE; MS. CHESTER; and | ) |
| UNIT MANAGER JOHNSON, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Georgia State Prison ("GSP") in Reidsville, Georgia, has submitted to the Court for filing an amended complaint, brought pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   BACKGROUND**

In his amended complaint Plaintiff names as Defendants:  (1) Sgt. Johnson; (2) Officer Jackson; (3) Unit Manager Hutchenson; (4) Unit Manager Sharpe; (5) Warden James Deal; (6) Deputy Warden Adams; (7) Ms. Spells; (8) Unit Manager Bobbit; (9) Officer Ms. Lane;

(10) Officer McGlohone; (11) Ms. Chester; and (12) Unit Manager Johnson. (Doc. no. 28, pp. 2-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In January 2019, Plaintiff's brother called GSP "trying to avoid an issue with the plaintiff and other inmates." (Id. at 4.) On January 28, 2019, Sgt. Johnson and Warden Adams told other inmates the subject of the phone call. (Id.) Officer Jackson "allow to the inmates put dung and pills" in Plaintiff's food. (Id.) Defendants Sharpe, Bobbit, Johnson, Hutchenson, Spells, and Warden Deal denied Plaintiff protective custody despite a threat by an unidentified person to kill Plaintiff and his family. (Id.) Defendant Chester denied Plaintiff due process, and Officers Lane and McGlohone denied Plaintiff access to the courts. (Id.) For relief, Plaintiff requests monetary damages. (Id. at 5.) These are the only factual allegations in the complaint.

## II. DISCUSSION

### A. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Fails to State a Claim Against Defendants

There is a complete absence of factual details necessary to state a claim by Plaintiff against any defendant. To state a valid claim, Plaintiff must specify the actions or omissions

3

by each named defendant and explain how those actions and omissions caused the harm about which he complains. Plaintiff's complaint contains conclusory allegations Defendants harmed him. See Iqbal, 556 U.S. at 678. Plaintiff never provides details such as (1) the issue his brother called to address; (2) the information Sgt. Johnson and Warden Adams gave to other inmates; (3) why Plaintiff believes there was dung and pills in his food, who put it there, and when; (4) why he believes Officer Jackson "allowed" this to occur; (4) who threatened to kill him, the words used to threaten him, when the threat occurred, and whether he told Defendants. Accordingly, Plaintiff fails to set forth any factual allegations "rais[ing] a right to relief above a speculative level." Twombly, 550 U.S. at 555. Thus, Plaintiff fails to state a claim upon which relief can be granted.

    **C.    Motion to Amend**

On April 23, 2020, the Court instructed Plaintiff to submit an amended complaint and found as moot Plaintiff's previously filed motions to amend his complaint because Plaintiff did not submit his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and did not provide the information that the Southern District requires. (Doc. no. 13.) Despite the Court's instruction to submit only one amended complaint in accordance with the terms of its April 23rd Order, Plaintiff filed three motions to amend his complaint, (doc. nos. 14, 15, 18), two amended complaints, (doc. nos. 17, 22), and three declarations, (doc. nos. 14-1, 17-3, 19), on April 27, 2020. These repeated filings were in blatant disregard of the Court's April 23rd Order and made it impossible for the Court to discern which amended complaint was operative.

Therefore, on May 11, 2020, the Court granted Plaintiff's April 27, 2020 motion to

amend and provided Plaintiff with explicit instructions, including a page limitation, for amending his complaint. (Doc. no. 24.) In response, Plaintiff first submitted his claims on the complaint form provided to him by the Court. (See doc. no. 28.) However, that same day, Plaintiff filed another motion to amend that contained six handwritten pages of rambling and conclusory allegations. (Doc. no. 30.)

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182).

Here, amendment is futile because the allegations in Plaintiff's most recent motion to amend suffer from the same defects as the amended complaint the Court discussed above.

5

Because Plaintiff's allegations still fail to state a claim, the proposed amendment is futile. Moreover, the Court already warned Plaintiff that he may not continue to piecemeal amend his complaint by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Plaintiff's repeated attempts to file multiple complaints and declarations is in complete disregard of the Court's instruction he shall submit only one amended complaint containing all claims he wishes the Court to consider as a basis for awarding the relief sought.

Accordingly, Plaintiff's motion to amend should be denied. (Doc. no. 30.)

### D. Plaintiff's Motion for Preliminary Injunction

On April 27, 2020, Plaintiff filed what is titled as an "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order." (Doc. no. 21.) Although Plaintiff styles the entire filing as a proposed order and not a proper motion, the Court construes his filing as a motion for preliminary injunction. Plaintiff repeats the same, deficient factual allegations from his amended complaint and requests transfer to another institution, an injunction prohibiting Defendants and inmates from having any contact with him, and an order for him to be placed in protective custody. (Id. at 3.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All

6

Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not shown a likelihood of success on the merits because the complaint allegations fail to state a claim, as discussed above. Nothing in Plaintiff's motion for injunctive relief convinces the Court otherwise. Indeed, the motion contains the same shortcomings as the complaint, and adds the clearly fantastical allegation that rappers Drake and Future made threats of killing Plaintiff and his family in their newly released song "Life is Good." (Doc. no. 21, p. 2.) Even assuming Blood gang members have threatened to murder Plaintiff, as several pleadings allege, Plaintiff does not provide details concerning who made the threat, when it was made, what the threat entailed, which prison officials Plaintiff notified of the threat, and the acts or omissions by those prison officials with respect to the threat. For these reasons, Plaintiff's motion for injunctive relief should be denied.

### E.     Plaintiff's Remaining Motions

Because the complaint fails to state a claim and should be dismissed, Plaintiff's ancillary motions concerning procedural and discovery issues are moot. (Doc. nos. 35, 38, 39, 40, 42, 44.)

## III.     LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should also deny Plaintiff leave to appeal *in forma pauperis* ("IFP"). Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now. See Fed. R. App. R. 24(a)(3)(A) ("A party who was permitted to proceed in forma

pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)). A party does not proceed in good faith when seeking to advance a frivolous claim or argument. See Coppedge, 369 U.S. at 445. A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's second amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, (doc. no. 28), Plaintiff's motion for a temporary restraining order be **DENIED**, (doc.

no. 21), Plaintiff's Motion to Amend be **DENIED**, (doc. no. 30), Plaintiff's Motion for Reconsideration be **DENIED AS MOOT**, (doc. no. 35), Plaintiff's motions to caption be **DENIED AS MOOT**, (doc. nos. 38, 40, 42, 44), Plaintiff's Motion to Compel be **DENIED AS MOOT**, (doc. no. 39), and this civil action be **CLOSED**. The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 14th day of August, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA