IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM NAVARRO CASTILLO, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-36 |
| v. | |
| SGT. JOHNSON; OFFICER JACKSON; UNIT MANAGER HUTCHENSON; UNIT MANAGER SHARPE; WARDEN JAMES DEAL; DEPUTY WARDEN ADAMS; MS. SPELLS; UNIT MANAGER BOBBIT; OFFICER MS. LANE; OFFICER FNU McGLOHONE; MS. CHESTER; and UNIT MANAGER JOHNSON, | |
| Defendants. | |

**O R D E R**

While he was incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, Plaintiff initiated this lawsuit by submitting, in another civil action he had pending, several motions for leave to file an amended complaint, affidavits, declarations, and letters to the Court. See Castillo v. Johnson, No. 6:16-cv-49 (S.D. Ga. Apr. 28, 2016), docs. 78, 79, 81, 83, and 86-91. On April 10, 2020, after reviewing those filings, the Magistrate Judge directed the Clerk of Court to commence a new cause of action for Plaintiff and transfer the filings because it appeared Plaintiff intended to initiate a new action, seeking injunctive relief against new defendants. Id. at doc. 92. After permitting Plaintiff to amend his complaint, the Magistrate Judge screened the second amended complaint—which alleged, in short, that Defendants

violated Plaintiff's constitutional rights while he was an inmate at GSP—and found that Plaintiff failed to state a claim against any of the Defendants. (Doc. 46, pp. 2, 4–6.) The Magistrate Judge also found that permitting further amendment of the complaint would be futile. (Id. at pp. 6–7.) Accordingly, the Magistrate Judge issued a Report and Recommendations ("R&R"), recommending dismissal, (see generally id.), which the Court adopted on September 22, 2020, (doc. 50). Judgment was formally entered on September 28, 2020. (Doc. 51.)

Less than a month later, Plaintiff filed a Motion for Preliminary Injunction and Motion for Temporary Restraining Order. (Doc. 52.) The Magistrate Judge issued another R&R recommending that the motions be denied because the complaint had been dismissed and the civil action had been closed, and also because the motions failed on their merits because they merely repeated arguments the Court had already rejected in prior rulings. (Doc. 53.) Plaintiff did not file any objections to the R&R and the Court adopted it on November 24, 2020. (Doc. 55.)

Roughly two years later, Plaintiff filed a "Motion to Admit," which is presently before the Court. (Doc. 57.) Therein Plaintiff requests that the Court investigate and redress what he refers to as "grievance[s]" that he has experienced since January 28, 2022, when he was transferred from GSP to Dooly State Prison, and also since July 28, 2022, when he was subsequently transferred to Hays State Prison. (Id. at pp. 1–2.)

Because this case is closed, and additionally considering that the Motion concerns incidents that have occurred at correctional facilities other than GSP (and thus are not tied to Plaintiff's claims against the named Defendants),[1] the Court **DENIES** the Motion, (id.).

**SO ORDERED** this 26th day of April, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that the specific correctional facilities where Plaintiff claims to have experienced these more recent "grievances" are located beyond the bounds of the Southern District of Georgia. Thus, this Court's authority to consider the claims (if they were properly filed in a complaint initiating a new civil action) would be dubious at best.